**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURWINDER SINGH,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　　　Respondent. | No.　17-71249<br><br>Agency No. A200-943-237<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:　RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

　　　Surwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from the immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Singh did not establish that his past harm from Congress Party members rose to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel the conclusion that petitioner's past harm constituted persecution); *see also Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation did not compel a finding of past persecution). Substantial evidence also supports the agency's finding that Singh failed to demonstrate that his fear of future persecution was objectively reasonable. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir. 1996) (petitioner did not establish objectively reasonable fear of persecution where similarly situated family member remained unharmed in the "alleged zone of danger"). Thus, Singh's asylum claim fails.

In this case, because Singh failed to establish eligibility for asylum, he failed to demonstrate eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Singh failed to establish it is more likely than not he will be tortured if

17-71249

returned to India.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**